UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KEVIN DARDEN,

                Petitioner,                  NOT FOR PUBLICATION
   -against-                                  **MEMORANDUM & ORDER**
                                                    10-CV-4941 (CBA)

B.O.P. DIRECTOR LAPPIN, et al.,

                Respondents.
------------------------------------------------------------x
AMON, Chief United States District Judge:

      Kevin Darden, pro se, has petitioned the Court for a writ of habeas corpus, 28 U.S.C. § 2241, alleging that his due process rights were violated when he was disciplined for possessing a cellular telephone and charger while housed at the Federal Correctional Institution at Fort Dix, New Jersey in April 2010.

      His only complaint, which he clarified in his reply papers (but which was reasonably clear from his administrative submissions), is that he was charged with, and convicted of, violating institution Code 108 (possession of a hazardous tool), rather than the less-severe Code 305 (possession of anything not authorized).

      Darden says that the Bureau of Prisons "cannot just 'pick' a code violation for conduct deemed unauthorized" and must use the "catchall" Code 305 provision in cases like his. (Pet. Reply at 2.)

      The respondents argue, among other things, that Darden has failed to exhaust his administrative remedies because he never properly filed, and thus never received a decision on, a final-step central office appeal. See, e.g., Paulino v. Garcia, No. 02 Civ. 209, 2003 WL 21939703, at *2 (S.D.N.Y. Aug. 12, 2003) ("administrative remedies are only exhausted once the General Counsel [i.e. the central office] denies the inmate's final appeal").

They state that Darden tried to file a central office appeal on July 28, 2010, but failed to attach a copy of the regional office's denial of his intermediate appeal and also included multiple continuation pages when he was only permitted one. They state that when Darden's appeal papers were returned on August 11, 2010 with instructions to remedy the deficiencies and re-file within fifteen days, Darden did nothing.

Darden avers in his reply papers that he never received notice that his central office appeal was improperly submitted and that he filed this habeas petition only after he had not received a decision from the central office. There is no evidence in this record that Darden ever received the notice.

Because there is some possibility that, given Darden's statement that he never received notice of his deficient filing, the central office will permit Darden to resubmit his appeal, see 28 C.F.R. § 542.15(a) ("When the inmate demonstrates a valid reason for delay, these time limits may be extended."), the Court dismisses this petition without prejudice to re-file so that Darden may attempt to exhaust his administrative remedies.

If Darden's final-step appeal is accepted and denied on the merits, he may file another petition in the U.S. District Court for the District of New Jersey.[1] If Darden's final-step appeal is not accepted, he may file another habeas petition and attempt to show cause and prejudice sufficient to overcome his procedural default. See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629 (2d Cir. 2001); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996).

---

[1] Darden, who is currently incarcerated in South Carolina, filed his section 2241 petition while housed at the Metropolitan Detention Center in Brooklyn, New York, where he was transferred from Fort Dix. Because the sanctions that Darden challenged in his petition were imposed by a warden in New Jersey, the respondents asked that the Court transfer Darden's petition to the District of New Jersey if it declined to dismiss for failure to exhaust. Darden did not object to litigating in New Jersey. (Pet. Reply at 4.)

Finally, although Darden is free to re-file his petition once the administrative appeals process terminates, he is advised that the overwhelming weight of judicial authority appears to be against the position that he has asserted in this litigation. See, e.g., Hicks v. Yost, 377 F. App'x 223 (3d Cir. 2010); Robinson v. Warden, 250 F. App'x 462 (3d Cir. 2007); Ramirez v. Zickefoose, No. 11 Civ. 189, 2011 WL 1045077 (D.N.J. Mar. 23, 2011).

The petition is dismissed without prejudice to re-file. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
April 15, 2011

/S/

Carol Bagley Amon
United States District Judge